UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN DAY, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>ADVANCED MICRO DEVICES, INC.,<br><br>    Defendant. | Case No. 22-cv-04305-VC<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 23 |

    The motion to dismiss is granted with leave to amend. This order assumes the reader's familiarity with the facts of the case and the relevant law.

    1. The negligence claim is dismissed because it is barred by the economic loss rule. *See CHMM, LLC v. Freeman Marine Equip., Inc.*, 791 F.3d 1059, 1061 (9th Cir. 2015). The plaintiffs contend that the exception for damage to other property applies, but they have not adequately alleged physical damage to their computers, as required by the case law. *See Kalitta Air, L.L.C. v. Cent. Tex. Airborne Sys., Inc.*, 315 F. App'x 603, 605 (9th Cir. 2008).

    At the hearing, counsel for the plaintiffs cited *In re NVIDIA GPU Litigation* and *In re Lenovo Adware Litigation* for the proposition that performance issues, such as the stuttering alleged here, constitute damage for purposes of the exception to the economic loss rule. But the allegations in those cases were meaningfully different. In *NVIDIA*, the plaintiffs alleged that the defective graphics processing units caused their computers to overheat, degraded the CPU and battery, and reduced the computers' lifespans. No. 08-4312, 2009 WL 4020104, at *1–2, *12 (N.D. Cal. Nov. 19, 2009). In *Lenovo*, the plaintiffs alleged that the defective software shortened the battery's lifespan—meaning the "number of times it could be recharged before being

replaced"—as well as the duration of each individual charge. No. 15-md-2624, 2016 WL 6277245, at *2 (N.D. Cal. Oct. 27, 2016). These are reasonably characterized as allegations of physical damage. By contrast, the plaintiffs here allege only that, when enabled, the fTPM causes occasional and momentary stuttering. Moreover, the allegations suggest that, when the fTPM is disabled, the issues resolve.

2. The unjust enrichment claim is dismissed because, despite purporting to represent a nationwide class, the plaintiffs do not offer even one state's law as a representative sample. Moreover, at least under California law, an unjust enrichment claim must be pleaded in the alternative, and plaintiffs must allege why legal remedies are inadequate. *See Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020); *Cepelak v. HP Inc.*, No. 20-cv-2450, 2021 WL 5298022, at *2–3 (N.D. Cal. Nov. 15, 2021). The plaintiffs here have not even attempted to allege the inadequacy of legal remedies.[1]

3. The claims for breach of the implied warranty of merchantability are dismissed because the allegations regarding the frequency with which the stuttering occurs are at best abstract and at worst insufficient to suggest anything close to unmerchantability. *See Knowles v. Arris*, No. 17-cv-1834, 2019 WL 3934781, at *5 (N.D. Cal. Aug. 20, 2019) (to "render a device unmerchantable," the "defect must drastically undermine a device's operation."). While the named plaintiffs allege that they experience stuttering "frequently" or "nearly every time," these allegations leave much to be desired in the way of specificity and concreteness. Does the stuttering occur only once or twice a day, or does it persist throughout the day? Does it last for a second at a time or for a ten-minute stretch each time? As it stands, the complaint fills in these details by way of quotes from unnamed user complaints. These user complaints suggest that the stuttering occurs for roughly half a second three or four times a day. *See, e.g.*, Dkt. No. 13 at 35–36. While understandably frustrating, stuttering of this duration and frequency does not suggest

---

[1] The argument that California law does not recognize a cause of action for unjust enrichment is for all intents and purposes a nonstarter. California law recognizes, at a minimum, a quasi-contract claim based on an unjust-enrichment theory. *See Astiana v. Hain*, 783 F.3d 753, 762 (9th Cir. 2015); *ESG Cap. Partners, LP v. Stratos*, 828 F.3d 1023, 1038 (9th Cir. 2016).

that the CPU was unmerchantable.

4. The Court is left not knowing what theory the plaintiffs are pursuing under the Illinois and West Virginia consumer protection statutes. In their opposition brief, the plaintiffs disavow any fraud-based theory under either statute, arguing instead that they seek only claims for unfair or unethical practices under those statutes. At the hearing, however, counsel for the plaintiffs seemed to do an about-face, suggesting that they are indeed pursuing fraud-based claims. It is difficult to determine whether the plaintiffs have stated a claim when it is not clear what claim(s) they are pursuing.

To the extent the plaintiffs are pursuing fraud-based claims, the complaint would seem to fall short: the plaintiffs allege virtually nothing regarding AMD's pre-sale knowledge, and the representations attributed to AMD in the complaint consist of classic, nonactionable puffery. *See, e.g.*, Dkt. No. 13 at 41 (AMD's CPU is "[t]he World's Fastest PC Gaming Processor," providing "performance that immersive gaming demands."). The plaintiffs also fail to plead reliance with any particularity. *See Lusson v. Apple, Inc.*, No. 16-0705, 2016 WL 10932723, at *2 (N.D. Cal. June 20, 2016). To the extent that the plaintiffs are instead pursuing theories of unfair or unethical practices, they have not done an adequate job of putting forth the relevant law, and so it is difficult to determine whether they have stated a claim. The parties should be better prepared next time to discuss the precise elements of these claims under each statute, as interpreted by the state courts.

Any amended complaint is due within 21 days of this order, and AMD's response is due within 21 days of the filing of such an amendment.

**IT IS SO ORDERED.**

Dated: March 2, 2023

_____
VINCE CHHABRIA
United States District Judge

3