UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN DAY, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>ADVANCED MICRO DEVICES, INC.,<br><br>    Defendant. | Case No. 22-cv-04305-VC<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 78 |

    The motion to dismiss is granted. This order assumes the reader's familiarity with the factual allegations, the relevant law, and the parties' arguments.

    As discussed at the hearing, the new allegations regarding testing—while an improvement—are vague as to time. Without knowing when AMD conducted the alleged testing, the Court cannot reasonably infer that AMD knew of the alleged defect before it sold its product to the plaintiffs. The allegations regarding online user complaints are even less helpful. Not only are they vague as to time; they are vague as to content. The plaintiffs allege that, starting in late 2018, "AMD … obtained information about the specific performance problems … through message board posts on Microsoft and AMD support forums," but they do not quote a single such post. Dkt. No. 74 at 57. Where the complaint does quote specific user complaints, it either attributes no date to them, or it attributes dates long after the plaintiffs purchased the product. *See* Dkt. No. 74 at 36–40 (quoting user complaints allegedly posted in 2021 and 2022, when the named plaintiffs allegedly purchased the product in 2019 and 2020, respectively). Because the plaintiffs have not adequately alleged pre-sale knowledge, their omissions-based claims premised on AMD's alleged duty to disclose must be dismissed.

The plaintiffs' misrepresentation claims fare no better. The new complaint alleges only the same non-actionable statements that the Court already rejected as classic puffery. *See Day v. Advanced Micro Devices, Inc.*, No. 22-cv-4305, 2023 WL 2347421, at *2 (N.D. Cal. Mar. 2, 2023). The complaint also comes nowhere close to alleging reliance with particularity, despite sounding in fraud. *See Lusson v. Apple, Inc.*, No. 16-0705, 2016 WL 10932723, at *2 (N.D. Cal. June 20, 2016).

Finally, the plaintiffs' equitable claims must be dismissed because they have not properly alleged the potential lack of an adequate legal remedy. *See Sonner v. Premier Nutrition Corporation*, 971 F.3d 834, 844 (9th Cir. 2020); *Cepelak v. HP Inc.*, No. 20-cv-2450, 2021 WL 5298022, at *2–3 (N.D. Cal. Nov. 15, 2021). As noted at the hearing, this iteration of the complaint would seem to support a claim for breach of the implied warranty of merchantability—a claim the plaintiffs inexplicably dropped, even while bolstering the very allegations that would support it. The plaintiffs offer no convincing explanation as to why the monetary damages possibly available to them under such a claim would not adequately compensate them. *See In re MacBook Keyboard Litigation*, No. 18-cv-2813, 2020 WL 6047253, at *3 (N.D. Cal. Oct. 13, 2020) ("Courts generally hold that monetary damages are an adequate remedy for claims based on an alleged product defect, and reject the argument that injunctive relief requiring repair or replacement is appropriate."); *see also Sharma v. Volkswagen AG*, 524 F. Supp. 3d 891, 908 (N.D. Cal. 2021); *Philips v. Ford Motor Company*, No. 14-cv-2989, 2016 WL 7428810, at *25 (N.D. Cal. Dec. 22, 2016). And the plaintiffs' unexplained and unsupported assertion that they could be entitled under these facts to AMD's profits as nonrestitutionary disgorgement falls flat—there is no reason to believe that under a theory of unjust enrichment the plaintiffs would be entitled to anything more than the price premium they paid. *See Bruton v. Gerber Products Company*, No. 12-cv-2412, 2018 WL 4181903, at *9 (N.D. Cal. Aug. 31, 2018); *Ivie v. Kraft Foods Global, Inc.*, No. 12-2554, 2015 WL 183910, at *1–*2 (N.D. Cal. Jan. 14, 2015).

The deficiencies that plague the Second Amended Complaint border on the inexcusable,

and so it would be reasonable to dismiss the case with prejudice at this juncture. In an abundance of caution, however, the plaintiffs will be granted one last opportunity to amend. Any amended complaint is due within 21 days of this order, and AMD's response is due 14 days from the filing of the amended complaint.

**IT IS SO ORDERED.**

Dated: June 6, 2023

VINCE CHHABRIA
United States District Judge