UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN DAY, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>ADVANCED MICRO DEVICES, INC.,<br><br>　　　　Defendant. | Case No.  22-cv-04305-VC<br><br>**ORDER DENYING MOTION TO DISMISS**<br><br>Re: Dkt. No. 99 |

　　　　The motion to dismiss is denied. This order assumes the reader's familiarity with the factual allegations, the relevant law, and the parties' arguments. While it is a close call on both implied warranty and fraud, the third amended complaint does just enough to survive dismissal.

　　　　*Implied Warranty Claims*. Although the implied warranty of merchantability "does not impose a general requirement that goods precisely fulfill the expectation of the buyer," the warranty does require the goods be fit for their ordinary purpose. *American Suzuki Motor Corp. v. Superior Court*, 37 Cal. App. 4th 1291, 1296 (1995); *see also Birdsong v. Apple, Inc.*, 590 F.3d 955, 958 (9th Cir. 2009). Thus, a determination of a product's merchantability turns on the characterization of its "ordinary purpose" and the extent to which any defect impairs that purpose. AMD argues the ordinary purpose of its CPUs "is to run the PCs in which they are installed." In determining a product's ordinary purpose, however, courts "should take a common sense view informed by reasonable consumers' expectations about the function of the type of product." *In re Carrier IQ, Inc.*, 78 F. Supp. 3d 1051, 1110 (N.D. Cal. 2015). Here, the plaintiffs have alleged that AMD's CPUs were marketed specifically to gamers who build their own computers. And the complaint alleges both plaintiffs are, in fact, gamers who built their own PCs

around AMD's CPU. These allegations suggest that the "ordinary purpose" of this product, as understood by reasonable consumers' expectations, is not simply to run a PC, but to run a PC fit for gaming. And the allegations suggest the product was unfit for gaming because stuttering occurred "almost every day" "on an hourly basis" when running CPU-intensive applications such as video games.

AMD makes two further arguments for why the implied warranty claims should be dismissed. First, it asserts there was a disclaimer of the implied warranty on its website for the standalone CPUs purchased by the plaintiffs. But the plaintiffs did not buy their CPUs directly from AMD, meaning it is not clear the plaintiffs ever saw this disclaimer. As it stands, this is a factual question inappropriate for resolution on a motion to dismiss.

Second, and paradoxically, AMD argues the implied warranty claims must fail because the plaintiffs did not purchase their CPUs directly from AMD, meaning there is no vertical privity. *See Clemens v. DaimlerChrysler*, 534 F.3d 1017, 1023 (9th Cir. 2008). But *Clemens* did not expressly mention the third-party beneficiary exception to the vertical privity requirement. And courts have split over whether the case precluded the application of this exception to implied warranty claims, with California appellate courts appearing to recognize such an exception. *See In re Natera Prenatal Testing Litigation*, No. 22-CV-00985-JST, 2023 WL 3370737, at \*9 (N.D. Cal. Mar. 28, 2023); *Gilbert Financial Corp. v. Steelform Contracting Co.*, 82 Cal. App. 3d 65, 69 (1978). Like Judge Tigar, this Court "is persuaded that the broad language regarding the scope of this exception in *Gilbert* – which was not directly addressed in *Clemens* – renders the exception available to Plaintiffs here." *In re Natera*, 2023 WL 3370737, at \*9.

*Fraud Claims*. The plaintiffs' fraud allegations include comments from several third-party internet forums complaining of stuttering with AMD's CPU in the months and weeks prior to plaintiff Dobek's purchase. The amended complaint also contains allegations that AMD conducted testing of its CPUs with Microsoft before Dobek bought her CPU. These pre-purchase complaints combined with the testing allegations are just enough to plausibly allege AMD had

pre-sale knowledge of the stuttering problem. *See Almeida v. Apple, Inc.*, 2023 WL 3149252, at *1 (N.D. Cal. Mar. 1, 2023). The plaintiffs have also alleged a duty to disclose based on AMD having "sole knowledge of or access to material facts" and knowledge that "such facts are not known to or discoverable by the other party." *MH Pillars Ltd. v. Realini*, 277 F. Supp. 3d 1077, 1102 (N.D. Cal. 2017).

*Equitable Relief*. The plaintiffs' claims for equitable relief are adequately pled because they allege legal remedies will not compensate them for damage to their computers, as opposed to damage from the allegedly defective CPU. These allegations about a potentially inadequate remedy at law are sufficient at the pleading stage. *See Sonner v. Premier Nutrition Corp.*, 971 F.3d 834 (9th Cir. 2020); *Almeida*, 2022 WL 1514665, at *1.

**IT IS SO ORDERED.**

Dated: October 23, 2023

_____
VINCE CHHABRIA
United States District Judge